1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

STEPHEN MARK PICART,
CDCR #G-67811,

                          Plaintiff,

            vs.

Program Sergeants ALEJANDRO R.
GONZALEZ and SHADE WILLIAMS
and Correctional Officer RASHAD
RAINEY,

                          Defendants.

Case No.:  25cv3364-BTM (DDL)

**ORDER:**

**(1)  DENYING AS MOOT MOTION TO PROCEED IFP, and**

**(2)  DISMISSING COMPLAINT WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915A(b)**

Plaintiff Stephen Mark Picart, a state prisoner proceeding pro se, has filed this civil rights action pursuant to 42 U.S.C. § 1983, along with a motion to proceed *in forma pauperis* ("IFP").  (ECF Nos. 1-2.)  Because the Complaint is duplicative of a Complaint Plaintiff is currently litigating in this Court, it is subject to dismissal.  The Court denies as moot his IFP motion.

**I.     Screening Pursuant to 28 U.S.C. § 1915A(b)**

Because Plaintiff is a prisoner, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915A(b), which provides that the Court must *sua sponte* dismiss

1

a prisoner's complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010). Plaintiff's Complaint in this action is subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915A(b)(1) because it is duplicative of another civil action he filed in this Court which is currently pending. *See Picart v. Gonzalez, et al.*, S.D. Cal. Civil Case No. 25cv1846-AJB (AHG). In fact, the body of the two complaints containing their allegations are identical photocopies. (*Compare* ECF No. 1 at 3-5 *with* Compl. filed July 16, 2025 [ECF No. 1] at 3-5 in S.D. Cal. Civil Case No. 25cv1846-AJB (AHG).) A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002).

Plaintiff alleges in both cases that while attending a computer class at the Richard J. Donovan Correctional Facility on July 25, 2023, Defendant Program Sergeant Gonzalez placed him in hand restraints and escorted him to a holding tank; after waiting several hours, Picart became lightheaded because he had not eaten, told Gonzalez he was lightheaded, and while in hand restraints reached for his walker so he could sit down to eat lunch. (ECF No. 1 at 3-4; Compl. [ECF No. 1] at 3-4 in S.D. Cal. Civil Case No. 25cv1846-AJB (AHG).) Picart alleges that after Gonzalez "said something," Gonzalez and the other two Defendants, Program Sergeant Williams and Correctional Officer Rainey, "grabbed and slammed [him] to the floor" while he was still cuffed and "gasping for air due to [a] chemical agent (pepper spray) being activate[d] in a very close proximity." (ECF No. 1 at 4; Compl. [ECF No. 1] at 4 in S.D. Cal. Civil Case No. 25cv1846-AJB (AHG).) Picart further alleges Gonzalez, Williams and Rainey "would not let [him] get up from the pool of the chemical agent," and refused to permit him to him to "rise up and catch his breath" for approximately 2-3 minutes while they applied leg restraints for unknown reasons. (ECF No. 1 at 5; Compl. [ECF No. 1] at 5 in S.D. Cal. Civil Case No. 25cv1846-AJB (AHG).) Thus, Plaintiff is bringing the same claims against the same defendants in both cases. On October 14, 2025, the Court in Plaintiff's first-filed case granted him leave to proceed IFP,

directed the Clerk of Court to issue a summons, and ordered the United States Marshal to effect service of the summons and complaint.  (*See* Order filed 10/14/25 [ECF No. 4] in S.D. Cal. Civil Case No. 25cv1846-AJB (AHG).)

A district court has discretion to dismiss a prisoner's claims under 28 U.S.C. § 1915A(b)(1) "that merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).  Because Plaintiff is currently litigating the same claims presented in this action against the same defendants as he is in S.D. Cal. Civil Case No. 25cv1846-AJB (AHG), the Court dismisses this case without leave to amend. *Id.*; *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 689 (9th Cir. 2007) ("[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same."), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

## II.  Conclusion and Order

The Court **DISMISSES** the Complaint as duplicative pursuant to 28 U.S.C. § 1915A(b).  Since leave to amend would be futile, the dismissal is without leave to amend. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of . . . leave to amend.")  The dismissal is without prejudice to Plaintiff to pursue his claims in S.D. Cal. Civil Case No. 25cv1846-AJB (AHG).  Plaintiff's Motion to proceed IFP [ECF No. 2] is **DENIED** as moot.

The Clerk of Court shall close the case and enter judgment accordingly.

**IT IS SO ORDERED**.

Dated:  January 5, 2026

Hon. Barry Ted Moskowitz
United States District Judge

25cv3364-BTM (DDL)